960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lawrence Lorenzo HAWKINS, Defendant-Appellant.
 No. 91-5837.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 27, 1991
Decided: April 24, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., Senior District Judge. (CR-91-11-NN)
 Waverly W. Jones, Jr., Newport News, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Charles D. Griffith, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lawrence Lorenzo Hawkins appeals his sentence after pleading guilty to making a false statement to a licensed firearms dealer. 18 U.S.C.A. § 922(a)(6) (West Supp. 1991). He argues the district court erred when it denied him a two-point reduction for acceptance of responsibility. Finding Hawkins' appeal without merit, we affirm.
 
 
 2
 A federal grand jury indicted Hawkins on four gun charges. He pled guilty to Count I-making a false statement to a licensed firearms dealer-in exchange for the Government dropping the other three counts. He objected to parts of the presentence report and the probation officer subsequently recommended a two-point reduction for acceptance of responsibility. The sentencing judge disagreed and sentenced Hawkins to eighteen months in prison, three years of supervised release, a $50 special assessment, and conditions regarding weapons and substance abuse.
 
 
 3
 To be eligible for a reduced sentence because a defendant accepted responsibility for his wrong-doing, the defendant must accept responsibility for all of his criminal conduct. United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1990); United States v. Gordon, 895 F.2d 932, 936-37 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990). The district court's determination of a defendant's acceptance of responsibility is primarily a factual question entitled to great deference on appellate review and will not be upset unless clearly erroneous. United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990); United States v. White, 875 F.2d 427, 431 (4th Cir. 1989); U.S.S.G. § 3E1.1, comment. (n.5).
 
 
 4
 The sentencing judge had serious doubts that Hawkins was admitting his criminal intent. Hawkins told the probation officer drafting the presentence report that the gun shop should have done more to check into his background. He said a store employee had told him he only had to acknowledge previous felonies on the gun-purchase form he was filling out if he had done "hard time." Hawkins never told this version of the incident to the federal agent investigating his case.
 
 
 5
 At the sentencing hearing, Hawkins appeared to cast doubt on any notion he was accepting responsibility when he suggested he was not guilty of a previous charge he had pled guilty to and was confused whether two months before in state court he had pled guilty to distributing cocaine or larceny by trick.
 
 
 6
 The Government admitted at the sentencing hearing that Hawkins' cooperation had been "fairly substantial." He had identified the individual he bought the pistols for and this individual was later convicted in federal court in another state.
 
 
 7
 In spite of the Defendant's cooperation, the sentencing judge was not clearly wrong when he found the Defendant could not admit to himself or others he had done anything wrong. A sentencing judge is not bound by recommendations found in a presentence report or the Government's lack of objection to a section 3E1.1 reduction. White, 875 F.2d at 431.
 
 
 8
 Hawkins' sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED